[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 I FACTS
The plaintiff, City of Bristol, has filed a two count complaint alleging the defendant, Hudson Oil Company (Hudson), breached its July 1, 1996 contract, whereby Hudson was to provide heating oil and fuel to the plaintiff for use in municipal buildings, schools and motor vehicles. On October 11, 1996, Hudson informed the plaintiff that it would no longer comply effective October 14, 1996. Hudson now seeks to strike count two of the plaintiff's complaint which claims a CUTPA violation.
 II DISCUSSION A
Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, CT Page 8965 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Lombard v.Edwards J. Peters. Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
 B
Hudson argues that count two of the plaintiff's complaint should be stricken because it sets forth a mere breach of contract as a basis of its CUTPA claim and neither pleads any conduct on behalf of Hudson which is immoral, unethical, oppressive, unscrupulous nor any conduct that caused substantial injury to consumers, competitors or other businessmen. The plaintiff now argues that the complaint alleges sufficient facts to establish a claim under CUTPA because it alleges a continuous breach which had the effect of depriving the plaintiff and its citizens of the variety of products Hudson was required to provide.
General Statutes § 42-110g (a) provides, in part, that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages." General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
In determining whether a certain action or practice violates CUTPA, our courts have long followed, the three prong test called the cigarette rule. "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-BradleyCo., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
In the present case, the plaintiff argues that his complaint alleges CT Page 8966 more than a single act by Hudson, and therefore, is legally sufficient to form the basis of a CUTPA claim. In actuality, the plaintiff alleges only one specific act, i.e., that "[o]n October 11, 1996, the Defendant breached said contract by informing the Plaintiff that it would no longer comply with Contract No. 95-110, effective October 14, 1996." The fact that the plaintiff then alleges that "since October 11, 1996, the Defendant has continuously failed to provide heating oil and diesel fuel as required under the terms of the contract," does not make this claim anything more than a single anticipatory breach. So called `continuing' or `continuous contracts' requiring performance for a specified period of time "are capable of a series of partial breaches, as well as of a single total breach by repudiation or by such material failure of performance when due as to go to the essence and to frustrate substantially the purpose for which the contract was agreed to by the injured party." (Internal quotation marks omitted.) 4 Corbin Contracts (1967).
In its memorandum, the plaintiff states "[p]aragraph 6 alleges that the Defendant continuously failed to provide heating and diesel oil as the contract required. Each failure to provide oil or fuel would be actionable as a separate breach of the contract, and therefore, can and should be construed as a separate act." Yet, the lack of an allegation in the complaint that there was a failure to make the subsequent deliveries underscores the fact that there is only one breach alleged. Moreover, the plaintiff states that they entered into "a contract." Hudson's notification of future noncompliance with the contract amounts to a single anticipatory breach of the contract and is insufficient to form a basis of a CUTPA claim. "CUTPA . . . claims have to involve more than simple contract breaches." (Internal quotation marks omitted.) BlakesleeArpaia Chapman, Inc. v. Helasman Management Services, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 443753 (January 9, 2002, Blue, J.) "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." (Internal quotation marks omitted.) S.M.S. Textile Mills,Inc. v. Brown, Jacobson, 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "If a claim does not set forth how or in what respect the defendant's alleged activities are either immoral, unethical, unscrupulous or offensive to public policy, . . . the motion to strike is granted, because a CUTPA claim requires those allegations." (Internal quotation marks omitted.)Computer Clearing House, Inc. v. Stamford Computer Group, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164240 (October 5, 1998, D'Andrea, J.).
 CONCLUSION
For the foregoing reasons Hudson's motion to strike is granted. CT Page 8967
Berger, J.